UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DANIEL DWAYNE WRIGHT,**

    Petitioner,                      Civil No. 04-CV-74531-DT
                                         HONORABLE DENISE PAGE HOOD
v.                                UNITED STATES DISTRICT JUDGE

**BRUCE L. CURTIS,**

    Respondent,
_____/

## OPINION AND ORDER DENYING THE
## PETITION FOR WRIT OF HABEAS CORPUS

Daniel Dwayne Wright, ("petitioner"), presently incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his application, filed *pro se,* petitioner challenges the Michigan Department of Corrections' decision to deny him placement in the Community Residential Placement program and continue his incarceration in prison. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.** The Court will also deny petitioner's motions for the appointment of counsel and for a jury trial.

### I. Background

Petitioner is currently serving several prison sentences for assaulting an employee/jail escape, furnishing weapons in prison, armed robbery, and unarmed robbery. Petitioner's maximum discharge date from all of these sentences is May

1

21, 2004.

On June 15, 2004, petitioner submitted a letter request to the Michigan Department of Corrections [M.D.O.C.] for placement in the Community Residential Placement program [C.R.P.]. On June 24, 2004, David Oesch, the M.D.O.C.'s Supervisor of Field Operations, denied petitioner's request for placement in C.R.P., on the basis of Administrative Rule 791.4410 and Policy Directive 06.03.101, as amended November 4, 2003, which denied inmates who had been convicted of certain assaultive crimes from eligibility for placement in C.R.P.

Petitioner alleges that his equal protection rights have been violated, because prisoners with similar assaultive convictions have been granted placement in C.R.P. Petitioner also alleges that he is being discriminated against on the basis of the fact that he is a member of the Moorish Science Temple of America, Inc. and is therefore being denied placement in C.R.P. because of his religious affiliation and racial background.

## II. Discussion

**A. The motions for the appointment of counsel and for a jury trial will be denied.**

Petitioner has moved for the appointment of counsel and for a jury trial for his habeas petition.

The Court will deny the motion for the appointment of counsel. There is no

constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden*, 23 F. 3d 332, 333 (10th Cir. 1994). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Satter v. Class*, 976 F. Supp. 879, 885 (D.S.D. 1997).

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998). The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the present case, petitioner has filed a thirteen page petition for writ of habeas corpus in which he cites to several federal cases and has attached numerous exhibits. Petitioner has also filed an eight page rebuttal to the state's answer. Petitioner therefore has the means and ability to present his claims to the court. The motion for the appointment of counsel will therefore be denied.

Petitioner also requests that the matters in this petition be submitted to a jury for consideration. A habeas petitioner is not entitled to a jury trial on the allegations contained in a habeas petition. *See Bean v. Calderon*, 166 F.R.D. 452, 454 (E.D. Cal. 1996); *Wickliffe v. Clark,* 783 F. Supp. 389, 390 (N.D. Ind. 1991). Accordingly, the motion for a jury trial is also denied.

**B.  The Equal Protection Claim.**

Petitioner alleges that his equal protection rights have been violated, because prisoners with similar assaultive convictions have been granted placement in C.R.P. Petitioner also alleges that he is being discriminated against on the basis of the fact that he is a member of the Moorish Science Temple of America, Inc.

To violate the Equal Protection Clause the state must treat two groups of similarly situated people differently. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985).

Petitioner first alleges that he has been denied placement in C.R.P. because of his religious affiliation as a member of the Moorish Science Temple of

4

America, Inc. Petitioner claims that the M.D.O.C.'s decision to exclude him from placement in C.R.P. was impermissibly based on his race, nationality, and religion.

Conclusory allegations that a habeas petitioner's equal protection rights were violated are insufficient to establish an equal protection claim that would warrant habeas relief. *See Perezv. Hemingway,* 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001). This part of petitioner's equal protection claim is without merit, because he has failed to allege any facts which show that the M.D.O.C. intentionally discriminated against him on the basis of his membership in a protected class, such as race, religion, or nationality. *See Carnes v. Engler,* 76 Fed. Appx. 79, 81 (6th Cir. 2003).

Petitioner's primary equal protection claim is that he has been treated differently than similar prisoners who were granted placement in C.R.P. in spite of having assaultive convictions.

Prisoners are not a suspect class for purposes of equal protection litigation. *See Jackson v. Jamrog,* 411 F. 3d 615, 619 (6th Cir. 2005); *Hadix v. Johnson,* 230 F. 3d 840, 843 (6th Cir. 1998); *Perez,* 157 F. Supp. 2d at 795. In addition, prisoners have no constitutionally protected entitlement to reside at a particular institution or to enjoy a particular security classification. *See Harris v. Truesdell,* 79 Fed. Appx. 756, 759 (6th Cir. 2003); *Rienholtz v. Campbell,* 64 F. Supp. 2d 721, 727 (W.D. Tenn. 1999); *Taylor v. Foltz,* 803 F. Supp. 1261, 1266 (E.D. Mich.

5

1992).  A Michigan prisoner has no due process liberty interest in being placed in a community placement or residential program. *See Davis v. Loucks,* 113 F. 3d 1234; 1997 WL 215517, * 1 (6th Cir. April 29, 1997); *Harrington v. Smokoska*, 983 F. 2d 1066; 1992 WL 376855, * 2 (6th Cir. Dec. 18, 1992); *Williams v. Mason*, 883 F. 2d 76; 1989 WL 94555, * 1 (6th Cir. Aug. 18, 1989); *See also Porter v. Soice,* 24 Fed. Appx. 384, 386 (6th Cir. 2001)(state prisoner did not have a state-created liberty interest in transfer to a halfway house).

Unless a classification warrants some form of heightened review because it impacts upon a fundamental right or categorizes persons on the basis of an inherently suspect characteristic, the Equal Protection Clause requires only that the classification be rationally related to a legitimate state interest. *Nordlinger v. Hahn,* 505 U.S. 1, 10 (1992).  In the present case, the rational basis test applies to petitioner's equal protection claim that he was excluded from participation in C.R.P., because prisoners are not a suspect class and petitioner's claim does not involve a fundamental right, because a prisoner does not have a constitutional right to placement in a specific security classification. *See Hardin-Bey v. Rutter,* 421 F. 3d 571, 575-76 (6th Cir. 2005).

Petitioner claims other inmates with assaultive histories have been granted placement in C.R.P.  However, all of the inmates whom petitioner cites to in his petition and in his attached exhibits were granted placement in C.R.P. prior to November 4, 2003, the date that Administrative Rule 791.4410 and Policy

Directive 06.03.101 were amended to exclude prisoners with assaultive convictions from eligibility for the C.R.P. The amendment of Administrative Rule 791.4410 and Policy Directive 06.03.101 to render prisoners like petitioner with assaultive convictions ineligible for participation in C.R.P., even though they previously would have been eligible, bore a rational relationship to the legitimate state interest of ensuring public safety and therefore does not violate the Equal Protection Clause, even though prisoners already participating in C.R.P. were not subject to these new eligibility requirements. *See Lee v. Governor of State of N.Y.,* 87 F. 3d 55, 60 (2nd Cir. 1996). Petitioner has therefore failed to show that the M.D.O.C. violated the Equal Protection Clause by excluding him from the Community Residential Placement Program, even though prisoners with assaultive histories had been accepted into this program prior to the amendment of the M.D.O.C. rules and procedures regarding the exclusion of such prisoners from placement in C.R.P.

Finally, petitioner's allegation that the M.D.O.C. failed to comply with Michigan's Administrative Procedures Act in promulgating the new rules regarding his ineligibility for placement in C.R.P. is non-cognizable, because the failure of a prison or a state to follow its own policies or procedures does not amount to a constitutional violation. *See Coleman v. Martin,* 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005).

## III. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

s/ DENISE PAGE HOOD
**HON. DENISE PAGE HOOD**
UNITED STATES DISTRICT COURT

DATED: **March 28, 2006**


I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2006, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager
